UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELANIE R. HAYES,

        *Plaintiff*,

v.

DAVID ROSENBAUM,

        *Defendant*.
_____/

CIVIL ACTION NO. 1:16-cv-13583
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO APPOINT COUNSEL AND DISMISS PLAINTIFF'S COMPLAINT *SUA SPONTE*

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because Plaintiff has failed to join an indispensable party whose joinder would deprive this Court of subject matter jurisdiction. In addition, due to the lack of exceptional circumstances in this case, and the futility of appointing counsel in light of dismissal, Plaintiff's motion to appoint counsel should be **DENIED** as moot.

### II.    REPORT

#### A. Introduction

Plaintiff Melanie Hayes initiated this suit against Defendant David Rosenbaum on October 6, 2016. (Doc. 1 at 1). She later filed an application for appointment of counsel on October 20, 2016. (Doc. 7 at 2). Plaintiff contends that she sought help from American HealthCare Capital ("AHCC") in selling her company, Hospice Angelic Care, Inc.

1

("HAC"), and that AHCC located a buyer in Defendant David Rosenbaum, via Caring Hospice Services of Michigan, LLC ("CHSM"). CHSM allegedly agreed to purchase her business in exchange for $285,000 "by signing a Purchase Agreement" on August 19, 2015. (Doc. 1 at 6, 13-18). Randolph L. Brown signed the Purchase Agreement on behalf of CHSM, (*Id.* at 18), though Rosenbaum is named an agent therein as well, (*Id.* at 6). She further claims that "Caring Hospice Servs. [sic] (the buyer) agreed to purchase [HAC's] Hospice License, Provider Number, etc. in exchange for the sum of $285,000," and that in reliance on the agreement, Plaintiff "provided the buyer with a stellar Hospice License [and] Provider Number." (Doc. 1 at 6). After all conditions of the purchase agreement were met, the "$285,000 was never paid and a year has now gone by." (*Id.*).

As a result of Defendant's nonpayment—for which Plaintiff claims $285,000 in damages—Plaintiff asserts that she lost monthly revenues of "$30,000," equal to "$360,000 + interest." (*Id.* at 7). Plaintiff also seeks her lost "yearly salary of $80,000/year" alongside pain and suffering damages amounting to $250,000. In sum, Plaintiff seeks $975,000 in damages. (*Id.*).

### B. Plaintiff Has Failed To Join an Indispensable Party Whose Joinder Would Deprive This Court of Subject Matter Jurisdiction

A federal action must either be based upon diversity jurisdiction or federal question jurisdiction. Federal courts are under an independent obligation to examine their own jurisdiction. *United States v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Plaintiff presents no federal

2

question on the face of her complaint, so she must demonstrate complete diversity of citizenship to proceed.

Under 28 U.S.C. § 1332, diversity jurisdiction arises in matters between citizens of different states where the amount in controversy exceeds $75,000. Plaintiff is a Michigan citizen, and she asserts breach of contract claims against Rosenbaum, a New Jersey citizen. Plaintiff does not, however, join CHSM as a Defendant. Because, as illustrated in the complaint, CHSM certified that it was a Michigan citizen, its joinder would destroy complete diversity. (Doc. 1 at 14, 18).

When determining whether a case should proceed absent a particular party under Rule 19 of the Federal Rules of Civil Procedure, a court must engage in a three-part inquiry: First, the court must determine "whether a person is necessary to the action and should be joined if possible." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001) (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd. Inc.*, 181 F.3d 759, 763-64 (6th Cir. 1999)) (internal quotation marks omitted); Fed. R. Civ. P. 19(a). Second, if a party is deemed necessary, the court then must consider whether it may assert personal jurisdiction over the party and whether she may be "joined without eliminating the basis for subject matter jurisdiction." *Id.* (citing *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1346 (6th Cir. 1993)). Third, Rule 19(b) requires a determination whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party [being] thus regarded as indispensable." Fed. R. Civ. P. 19(b); *Soberay*, 181 F.3d at 764. "If one of the defendants is an indispensable party to the action, and his joinder in the suit destroys diversity of citizenship, he must nevertheless be joined as a

party with the resulting loss of jurisdiction by the trial court." *Schuckman v. Rubenstein*, 164 F.2d 952, 956 (6th Cir. 1947).

CHSM is a necessary party to this suit. A necessary party is one whose absence would prevent the court from according "complete relief among existing parties," or who remains so situated that an ex parte disposition "may . . . impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). The Asset Purchase Agreement attached to the complaint, (Doc. 1 at 18), lists CHSM as the buyer—failure to join CHSM as a party will thus significantly impede its ability to protect its interest in combating Plaintiff's (seller's) suit. And because CHSM appears on the face of the contract, the brimming potential for future litigation against CHSM precludes a contrary finding. *E.g.*, *Soberay*, 181 F.3d at 764 ("[T]he likelihood that either party would have sought further legal recourse in this case is not speculative inasmuch as IPEC was a signatory to the contract for which Plaintiff seeks remuneration, . . ."); *accord Dickson v. Murphy*, 202 F. App'x 578, 582 (3d Cir. 2006) (dismissing the action for failure to join signatories to the asset purchase agreement); *cf. Keweenaw Bay Indian Cmty v. State*, 11 F.3d 1341, 1346-47 (6th Cir. 1993) ("[T]he two absent bands are signatories to the very treaty at issue in the action. The likelihood that they would seek legal recourse in the event that the judgment deprived them of fishing rights to which they believe they are entitled can hardly be characterized as speculative."). For these reasons, CHSM proves a necessary party within the meaning of Rule 19(a)(B)(i). Its joinder, however, would erode this Court's subject matter jurisdiction over the action.

This Court must then determine whether Plaintiff's suit against Defendant should proceed without joining CHSM. The factors articulated in Rule 19(b), including those that follow, guide this evaluation:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). Defendant and CHSM share a near-identical interest in the outcome of Plaintiff's suit. Indeed, Defendant does not sign the Purchase Agreement itself, though he appears to sign the Escrow Agreement on behalf of CHSM. (Doc. 1 at 24). "Issue preclusion, . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)). A finding adverse to Defendant would likely preclude any contest on the issue of breach in a subsequent suit against CHSM. *See Intercept Sec. Corp. v. Code-Alarm, Inc.*, 164 F.R.D. 215, 218 (E.D. Mich. 1995) (noting that absent persons are bound by an ex parte suit when "their interests [are] 'sufficiently identical' to those of the plaintiff or defendant."). Further, the Court could not meaningfully lessen or avoid this prejudice to CHSM's interests because it cannot muffle the collateral estoppel doctrine's ramifications. *Cf. MSX Intern. Engineering Servs., Inc. v. Levine*, No. 01-CV-72765, 2002 WL 551041, at *7-*8 (E.D. Mich. Apr. 8, 2002) ("Levine's employment agreements, and the Asset Purchase Agreement, are not simply

5

separate contracts, but are interdependent in substance and operation. . . . A judgment rendered in favor of MSX in this lawsuit against Levine would most certainly prejudice Larkav's and Karlar's contractual rights under the Asset Purchase agreement; Levine is not a party to the Asset Purchase Agreement."). There seems no reason to proceed in federal court where, as here, Plaintiff can simply join CHSM and proceed in state court.

Because CHSM is an indispensable party whose joinder would destroy this Court's subject matter jurisdiction over the case, Plaintiff's suit cannot proceed in federal court. Accordingly, the complaint should be dismissed. Fed. R. Civ. P. 12(h)(3).

### C. Plaintiff's Application for Appointment of Counsel Should Be Denied as Moot

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiffs' ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corrections*, 333 F. App'x 914, 917-18 (6th Cir. 2009). The complexity of the case and the plaintiffs' ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, plaintiffs' prior *pro se* experience is relevant to their ability to manage their current cases. *Id.*

If the claims are frivolous or have "extremely slim" chances of success, the court should not appoint counsel. *Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

Courts may also decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g.*, *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim"). Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782-83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of a case is a consideration).

    Hayes cannot proceed in federal court because she must joint an indispensable party, and joining said party would erode this Court's jurisdiction. This gives her an "extremely slim" chance of success on the merits in federal court. *Richmond*, 450 F. App'x at 452. As such, Hayes application for appointment of counsel is moot and should be denied. *See Mars. v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) ("Since Mars' complaint suffers from fatal jurisdictional defects, Mars has no chance of success based on the facts alleged in the pleadings and appointment of counsel would be a futile act."); *see also Coleman v. Michigan*, No. 2:12-cv-14108, 2012 WL 4839928, at *3 (E.D. Mich. Oct. 11, 2012) ("[The] Complaint is subject to dismissal . . . . Given this decision, Plaintiff's Motion to Appoint Counsel is denied as moot."); *cf. Lambrix v. Sec'y, Florida Dept. of Corrections*, 756 F.3d 1246, 1259 (11th Cir. 2014) ("[A] district court is not required to appoint new counsel to pursue wholly futile claims that are conclusively time barred or could not form the basis for federal habeas relief.").

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). See also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505 (6th Cir. 1991); United States v. Walters, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. 4 1:14-cv-12728-TLL-PTM Doc # 13 Filed 08/15/14 Pg 4 of 5 Pg ID 45 Willis v. Sec'y of Health & Human Servs., 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.

Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as

"Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 31, 2016
S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Melanie R. Hayes at 726 Wadsworth Street, East Tawas, MI 48730.

Date: October 31, 2016
By s/Kristen Castaneda
Case Manager